**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

STEPHEN JAMES BONE                                                            PLAINTIFF

v.                                        5:15CV00384-KGB-JTK

BENJAMIN WEEKS, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

I.      **Introduction**

Plaintiff Bone filed this pro se action pursuant to 42 U.S.C. § 1983, while incarcerated at the Tucker Unit Boot Camp of the Arkansas Department of Correction (ADC) (Doc. No. 2).[1] He alleged deliberate indifference to his serious medical needs by Defendant, who allegedly ordered Plaintiff to perform push-ups for a rule violation in October, 2015, after Plaintiff underwent emergency surgery.  (Id.)[2]

Pending before the Court is Defendant Weeks' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 20-22).  When Plaintiff did not respond to the Motion, the Court on July 25, 2016, directed him to file a Response to the Motion within fifteen days of the date of the Order (Doc. No. 23).  The Court further advised the Plaintiff that failure to respond to

---

[1]Plaintiff notified the Court of his release from incarceration, effective February 1, 2016 (Doc. No. 11).

[2]The Court issued a Proposed Findings and Recommendation on January 7, 2016, that Defendant Arkansas Department of Correction, Tucker Unit, be dismissed.  (Doc. No. 7)

the Court's Order would result in all of the facts set forth in Defendants' Motion and Brief being deemed admitted by Plaintiff pursuant to Local Rule 56.1(c), or in the dismissal without prejudice of his Complaint, pursuant to Local Rule 5.5(c)(2).[3]   The copy of the Order sent to Plaintiff at his last-known address was returned to the Court as undeliverable, on August 2, 2016 (Doc. No. 24). As of this date, Plaintiff has not filed a Response to the Motion, and has not otherwise corresponded with the Court.

## II.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot

---

[3]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communi-cation from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" <u>Id</u>. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

Defendant asks the Court to dismiss Plaintiff's Complaint based on his failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA) and the ADC grievance policy, Administrative Directive (AD) 14-16 (Doc. No. 20-2).  According to the declaration of Barbara Williams, ADC inmate grievance coordinator supervisor, the ADC grievance procedure instructs inmates that when submitting a grievance, the inmate must "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate...." (Doc. No. 20-1., p. 2, quoting ADC policy, Doc. No. 20-2, pp. 5-6)   The policy further notifies inmates that the PLRA requires complete exhaustion of the grievance policy prior to filing a lawsuit.  (Doc. No. 20-2, p. 17).  Williams explains that the policy consists of two steps, an informal resolution and a formal grievance, together with an appeal from a response/lack of response to the formal grievance.

4

(Doc. No. 20-1, p. 2)  According to the ADC records, Plaintiff did not file or fully exhaust any grievance naming Defendant Weeks between October, 2015 (the date of the incident), until the lawsuit was filed on December 8, 2015. (Id., p. 3) Defendant also notes that in his Complaint, Plaintiff stated that he wrote a grievance about the incident but later tore it up and threw it away. (Doc. No. 2, p. 5)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme

5

Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

Given Plaintiff's admission in his Complaint that he did not fully process a grievance about the incident at issue, together with his failure to respond to the Defendant's Motion, the Court finds that his complaint against Defendant Weeks should be dismissed for failure to exhaust his administrative remedies.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendant Weeks' Motion for Summary Judgment (Doc. No. 20)be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 24th day of August, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE